[Crim. No. 1096.   Fourth Dist.   Jan. 14, 1957.]

THE PEOPLE, Respondent, v. EDWARD M. MILLEN, Appellant.

Eugene V. McPherson, Joseph A. Armstrong and Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

BARNARD, P. J.—On May 25, 1956, an information was filed charging the defendant with the crime of burglary alleged to have been committed on or about March 20, 1955. The defendant pleaded not guilty, waived a jury trial, and was found guilty by the trial judge. He has appealed from the judgment sentencing him to prison.

Early in the evening of Saturday, March 19, 1955, a Miss Bittner left her apartment accompanied by a Mr. Ehle. They returned to the apartment shortly after midnight. As they entered the living room they saw a man's head peering through the doorway between the kitchen and the living room. The man fled and Mr. Ehle followed him outdoors to the rear. When he could not see the man outside he returned, picked up a pocket knife, and went out to the front. He then saw a black or dark MG automobile with a white canvas top parked in the street, the engine of which was running. He approached the car in the hope the occupant might have seen the intruder leave. When he was 3 feet from the car it suddenly was driven away with such speed that it was burning rubber. Mr. Ehle slashed the canvas top of the car as it passed him, and then threw the knife at the rear of the car. He did not hear the knife hit the street, and after a thorough search the knife could not be found. It was then discovered that Miss Bittner's purse had been taken from the apartment. The purse was returned to her the next day by a small boy who said he found it in an alley. Two or three days later, Mr. Ehle saw a black MG automobile with a white canvas top, which belonged to the defendant, and reported it to the officers. An officer examined this car and found a hole about six inches square cut in the canvas top, at the same spot where Mr. Ehle had slashed the top of the fleeing MG. There was also a $\frac{3}{8}$-inch slit in the cover of the tire on the rear of the car. This slit went through into the tire itself, and was on the top portion of the tire facing outward. The defendant was questioned

by the officers but left the San Diego area before the investigation was completed.

Appellant's only contention is that the evidence is insufficient to sustain a conviction. It is argued that there was a lack of positive identification of the appellant as the man seen in Miss Bittner's apartment, and that the other circumstantial evidence is insufficient to show that the appellant is the person who committed this burglary.

Mr. Ehle, on the stand, positively identified the appellant as the person whose head he saw sticking through the doorway. When appellant's counsel asked him whether he had not on March 23, when he had seen the appellant at his sister's home, stated to the officers that he was "very sure" that it was the man, he replied that he believed that he had said something like that. When he was asked if he had not at that time told the officers that he thought it was the man but could not say positively, he said he did not remember saying that. Miss Bittner on the stand pointed to the appellant and testified that she believed he was the man whom she had seen with his head sticking through the door. She admitted that on March 23, when she had seen the appellant at his sister's home, she had stated to the officers that she thought this was the man but could not say positively because she did not want to convict an innocent man. She also testified that she stated at that time that she was very sure that this was the man.

The question of identification was one of fact, and the fact that a witness may to some extent qualify his testimony as to identification is a matter going to the weight of that testimony and one to be considered by the trier of fact. (*People* v. *Waller*, 14 Cal.2d 693 [96 P.2d 344]; *People* v. *Robarge*, 111 Cal.App.2d 87 [244 P.2d 407].) Not only was the direct testimony as to identification sufficient to support the judgment, but there were other circumstances which furnish strong corroboration. The appellant had a black MG car with a white canvas top, with a hole cut in the top at the exact place where Mr. Ehle had slashed the top of the car which was in the street with the engine running. His car also had a slit in the spare tire and cover at the rear of the car, where Mr. Ehle had thrown the knife. The occupant of the car drove rapidly away when Mr. Ehle approached, and it is significant that he did not make any complaint or report to the authorities when Mr. Ehle slashed the top of his car. The appellant testified that while driving his car

on the afternoon of Saturday, March 19, he found the top of his car burning; that he put the fire out and went to a service station; and that he cut the burned place out because it was decided that the top would look better that way. However, he had told the officers on March 24 that he had noticed the top of his car burning while he was driving on Sunday, March 20; that on Monday he went to the service station and showed them the burned spot; and that they decided that the car would look better if the burned place was cut out. A service station man, testifying for the appellant, testified that the appellant came into the station on or about March 19, with a "burnt" place in his top; that they cut out the burned place; that they usually washed this car on Saturday, and he did not work on Sunday; that he washed the car on the day it was brought in with a burn in it; and that "I wouldn't swear to the date, no." While the matter was being investigated the officers had a talk with the appellant on March 24, 1955, and made an appointment with him for the next day. However, the appellant left San Diego on March 25 without keeping this appointment and was not seen again until he was located by the officers, apparently about a year later. In deciding the case the trial judge pointed out that the defendant's story on the stand as to how he got a burned place in the top of his car was unbelievable, and stated that he was convinced that in several other parts of his testimony the appellant had not told the truth. The appellant was also impeached by his admission on the stand that he had previously been convicted of attempted burglary. The evidence is amply sufficient to support the judgment.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.